Michael M. Neal, Esq.
**LAW OFFICE OF MICHAEL M. NEAL, P.C.**
110 S. Church Avenue, Suite 4298
Tucson, Arizona 85701
Telephone: (520) 623-5686
Facsimile: (520) 623-5255
E-Mail: mmnealpc@qwestoffice.net
State Bar No. 04331

Attorney for Chapter 7 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | Chapter 7 Proceeding |
| **KIMBLE, GEORGE W. and** ) | |
| **KIMBLE, PATRICIA J. ANDERSON,** ) | Case No. 4:09-bk-33058-EWH |
| **husband and wife,** ) | |
| ) | **MOTION OF THE CHAPTER 7 TRUSTEE TO AUTHORIZE AND APPROVE A SALE OF DEBTORS' INTEREST IN TWO ENTITIES AND CLAIMS RELATED THERETO** |
| Debtors. ) | |

Pursuant to 11 U.S.C. §363, §105 and Bankruptcy Rule 9014, the appointed and serving Chapter 7 Trustee, Gayle Eskay Mills, by and through her undersigned attorney moves this Court for relief as described above and in support thereof presents the following to the Court:

1. On or about the 22nd day of December, 2009, the above named Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. In their schedules and statement of financial affairs the Debtors listed, on oath and under penalty of perjury, interest held in various closely held corporations. The business conducted by the entities was related, generally, to the ownership and/or operation of radio stations located in different states.

3. On the 2nd day of November, 2010, this Court converted the Debtors' Chapter 11

bankruptcy to a Chapter 7 bankruptcy case. The Movant, Gayle Eskay Mills, was appointed to serve as Chapter 7 Trustee and continues to serve in that capacity.

4. After the Court entered the Order of Conversion the Debtors, after their Motion for a New Trial on the conversion was denied, timely filed a Notice of Appeal. The Debtors also requested a stay pending appeal so that assets of the Debtors bankruptcy estate could not be liquidated by a Chapter 7 Trustee. The Debtors request for a stay relief was also denied. The appeal of this Court's Order Converting the Case to a Chapter 7 was to the District Court in and for the State of Arizona. That Court subsequently affirmed this Court's conversion of the case. Further appeal was not taken by the Debtors.

5. This Motion by the Trustee is for authority and approval of a sale wherein in return for a cash payment of $42,500.00 to the Trustee and a withdrawal of any and all claims filed or asserted against the Debtors and/or the Bankruptcy Estate by Craig Fox, Wolf Radio Inc. and Metro TV Inc. (or anyone claiming through them), the Bankruptcy Estate will sell, convey and transfer to Craig Fox and/or his assignee ("Mr. Fox" or the "Purchaser") all right, title, claim and interest the Debtors and their bankruptcy estate have in and to the following properties:

      A. All right, title, claim and interest held in Wolf Radio Inc. and Metro TV Inc.

      B. Any and all claims held by the Debtors and/or their bankruptcy estate arising out of and related to a creditor or creditors of Wolf Radio Inc. and/or Metro TV Inc. converting to equity debt that was owed the creditors by those entities.

6. The interest in Wolf Radio Inc. and Metro TV Inc. held by the Debtors and/or their bankruptcy estate is a minority interest. The extent of that minority interest is the subject of a dispute. More specifically, Craig Fox, the majority interest holder of Wolf Radio Inc. and Metro TV Inc., asserts that after he converted debt owed to him by the two entities to equity, the interest of the Debtors and their bankruptcy estate was reduced from a minority Forty-Nine Percent (49%) interest to an 8.86% interest with respect to Wolf Radio and a 12.34% interest with regard to Metro TV. The Debtors have asserted in pleadings filed with this Court that the Debtors and/or their

C:\MyDocs\Kimble\Motion To Approve Sale.wpd    2

Case 4:09-bk-33058-EWH    Doc 266    Filed 01/30/14    Entered 01/30/14 13:36:22    Desc
Main Document    Page 2 of 6

bankruptcy estate have an interest in Wolf Radio Inc. and Metro TV Inc. of Forty-Nine Percent (49%) interest as the conversion of debt to equity by Craig Fox was not lawful or if otherwise lawful was stayed by the Debtors filing their Chapter 11 petition. Mr. Fox asserts that the corporations' conversion of debt for common stock was undertaken with appropriate notice, was lawful, did not violate the automatic stay, and did not reduce or affect the shares held by Debtor George Kimble or the book value of those shares, and that the conversion was necessary and appropriate to protect Wolf Radio from insolvency.

7. The Trustee has not made a determination with regard to the propriety of the conversion of debt to equity by Craig Fox. What the Trustee has noted that it is not in dispute that

    A. At best the Debtor's interest is a minority interest;

    B. When the conversion of debt to equity occurred neither corporate entity, who owed the debt, was in bankruptcy;

    C. Based on financial data reviewed by the Trustee, if a lawsuit was filed by Craig Fox to collect the debt owed, the corporations would not be able to pay the debt and Craig Fox could execute upon all assets of the corporations.

To summarize, what will be sold is the entire interest held by the Bankruptcy Estate, whatever that interest may be, and a release of any and all related claims held by and against the Bankruptcy Estate.

8. The sales price of $42,500.00 is to be all cash payable at Closing. An earnest money deposit[1] of $5,000.00 has been paid to the Bankruptcy Trustee. A Closing Agent will not be

---

[1] If the Purchaser fails to Close timely, then the Earnest Money Deposit paid and any interest thereon shall not be refunded to Purchaser but shall be forfeited to Seller, not as a penalty, but and for liquidated damages for Seller having removed the subject Property from the market and for other damages Purchaser acknowledges have been incurred by Seller as a direct result of the Purchaser's default. The Seller and Purchaser recognize and acknowledge that it would not be practical to attempt to ascertain with any degree of certainty the actual damages suffered by Seller if Purchaser fails to Close timely but both parties agree that the Deposit to be forfeited is a reasonable estimate of the Seller's damages. The Earnest Money Deposit shall be forfeited even if after the Purchaser

C:\MyDocs\Kimble\Motion To Approve Sale.wpd      3

employed by the parties. Instead, the balance of the purchase price will be paid to the Trustee within twenty (20) days of the Order of the Bankruptcy Court authorizing and approving the sale being final, to be held by the Trustee in Trust until the condition in paragraph eleven (11) is satisfied. Payment shall be by cash or certified funds. Once the condition in paragraph 11 is satisfied Purchaser will provide a Bill of Sale to the Trustee for signature and whatever other transfer documentation is required by Wolf Radio Inc. and/or Metro TV Inc. to show the conveyance of the Debtors and/or Bankruptcy Estate's interest in the two entities. However, the Order of this Court is to serve to effectuate the sale and transfer. The interest being sold is sold "AS IS" and "WHERE IS" with no representations or warranties whatsoever other than the right to convey upon entry of an Order Authorizing and Approving the Sale.

9. An express term and condition of the sale and purchase is for the Court, at the time and place set for the hearing to consider this Motion, announce in open Court a call for higher and better offers for the property interest being sold and for any such offers to be accepted by the Trustee. In furtherance of attempting to obtain higher and better offers for the property being sold the Trustee may advertise the terms of this sale.

10. To facilitate the potential receipt of higher and better offers, upon execution of a Confidentiality Agreement attached hereto as Exhibit A, there will be provided, by e-mail, true copies of the 2010, 2011, and 2012 Federal Tax Returns for Wolf Radio Inc. and Metro TV Inc. and informal financial reports for the year 2013 prepared by or for those entities.

11. Because the entities wherein the equity interest is being acquired hold a license issued by the Federal Communication Commission, an express contingency for the Buyer to Close is that the buyer obtain the approval of the Federal Communication Commission of the transfer of the equity interest to the Purchaser, if such approval is necessary for acquisition of the minority interest by the majority owner. It is the sole responsibility and obligation of the successful

---

defaults as to result in a forfeiture of the Earnest Money Deposit a sale nevertheless closes on a backup or subseuent offer to purchase.

C:\MyDocs\Kimble\Motion To Approve Sale.wpd      4

Purchaser to act expeditiously and pay all costs to obtain the necessary approval. The Trustee will cooperate with the transfer. The present Purchaser represents, by the signature of counsel set forth below, not only his approval of the terms and condition of this Motion and the terms and conditions of the sale but also that to his knowledge there does not exist any condition or impediment that would cause the Federal Communication Commission not to approve, in the normal and regular course of events, his acquisition of the property interests being acquired. This condition can be waived by the Purchaser.

WHEREFORE, request is made that the Court, after Notice and Hearing:

1. Authorize and approve the Motion;

2. Grant all other relief shown to be fair, reasonable or equitable in the circumstances.

RESPECTFULLY SUBMITTED this 30th day of January, 2014.

LAW OFFICE OF
MICHAEL M. NEAL, P.C.


By: */s/ Michael M. Neal 04331*
Michael M. Neal,
Attorney for Chapter 7 Trustee

Approved and Agreed to:


By: */s/ Nancy J. March*
Attorney for Craig Fox

| | |
|---|---|
| 1 | Copy of the foregoing mailed or served as shown this 30th day of January, 2014, to: |
| 2 | |
| 3 | Office of the United States Trustee<br>Att: Patty Chan, Esq.<br>230 N. First Ave., Ste. 204 |
| 4 | Phoenix, AZ 85003-1706<br>E-mail: Patty.Chan@usdoj.gov |
| 5 | |
| 6 | Gayle Eskay Mills<br>Chapter 7 Trustee<br>P.O. Box 36317 |
| 7 | Tucson, AZ 85740-6317<br>E-mail: gaylemills@earthlink.net |
| 8 | |
| 9 | George W. Kimble<br>Patricia J. Anderson Kimble<br>6890 E. Sunrise Dr., #120-40 |
| 10 | Tucson, AZ 85750<br>Debtors |
| 11 | |
| 12 | Eric Slocum Sparks, Esq.<br>Eric Slocum Sparks, P.C.<br>110 S. Church Ave., Ste. 2270 |
| 13 | Tucson, AZ 85701<br>Attorney for Debtors |
| 14 | E-mail: eric@ericslocumsparkspc.com |
| 15 | Nancy J. March, Esq.<br>Fennemore Craig, P.C. |
| 16 | One S. Church Ave., Ste. 1000<br>Tucson, AZ 85701-1627 |
| 17 | E-mail: nmarch@fclaw.com |
| 18 | Frederick J. Petersen, Esq.<br>Mesch, Clark & Rothschild, P.C. |
| 19 | 259 N. Meyer<br>Tucson, AZ 85701 |
| 20 | E-mail: fpetersen@mcrazlaw.com |
| 21 | Dennis M. Breen, III, Esq.<br>Breen, Olson & Trenton, LLP |
| 22 | 4720 N. Oracle Rd., Ste. 100<br>Tucson, AZ 85704 |
| 23 | E-mail: dennis@botlawfirm.com |
| 24 | |
| 25 | |
| 26 | |
| 27 | |

C:\MyDocs\Kimble\Motion To Approve Sale.wpd          6